# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 16-21883-CIV-GOODMAN
### [CONSENT CASE]

ROGER I. REYES

      Plaintiff,

v.

WERNER ENTERPRISES, INC., et al.

      Defendants,

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL FINAL SUMMARY JUDGMENT ON NEGLIGENT ENTRUSTMENT CLAIM

This is a personal injury case stemming from a vehicular collision between Plaintiff Roger I. Reyes and an employee of Defendant Werner Enterprises, Inc. who was driving a Freightliner and semi-trailer Werner owned. Reyes sued the employee for negligence (Count I)[1] and sued Werner under a vicarious, strict liability theory of dangerous instrumentality (Count II) and a direct negligence theory of negligent entrustment (Count IV).[2] The direct negligence theory alleges that Werner did not properly hire, train, or supervise its driver.

Werner moves for partial final summary judgment on Count IV. [ECF No. 46].

---

[1]     The defendant employee was dismissed from this case without prejudice after Reyes failed to timely file proof of service. [ECF No. 16]. Furthermore, despite obtaining an extension to serve the employee [ECF No. 18], Reyes never effectuated service, so the employee was not reinstated as a party.

[2]     The claim is erroneously labelled as "Count IV" of the Complaint, when in fact, it is Count III. [ECF No. 1, pp. 3–4]. For purposes of this Order, however, the Court refers to the claim as being "Count IV."

Reyes never filed an opposition response to the partial summary judgment motion, despite requesting and obtaining *two* extensions of time to do so. [ECF Nos. 48; 50; 59; 62]. In the last order, the Court stated that it would "grant no further extensions absent compelling circumstances bordering on a genuine emergency." [ECF No. 62]. But Reyes did not seek another extension (or file an opposition response).

Under Southern District of Florida Local Rule 7.1(c), "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion." S.D. Fla. L.R. 7.1(c). The rule then warns that "[f]ailure to do so may be deemed sufficient cause for granting the motion by default." *Id.* And as to summary judgment motions, under Local Rule 56.1(b), "All material facts set forth in the movant's statement [of undisputed facts] will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 56(b).

There is sufficient cause to grant Werner's motion by default in light of the fact that Reyes not only failed to respond to the motion, but he never filed a response even after repeatedly asking the Court for more time to respond.

Moreover, Werner's motion is well taken because, under Florida law, when "a plaintiff alleges and a defendant admits that the alleged torts took place during the course and scope of employment, employer liability can only be pursued on the basis of respondeat superior and not on the basis that the employer was negligent." *Delaurentos*

*v. Peguero*, 47 So. 3d 879, 882 (Fla. 3d DCA 2010) (citing *Mallory v. O'Neil*, 69 So. 2d 313, 315 (Fla. 1954)). The Eleventh Circuit recently recognized that rule, explaining that "[u]nder Florida law, a claim for negligent hiring, retention, or supervision requires that an employee's wrongful conduct be committed outside the scope of employment." *Buckler v. Israel*, 680 F. App'x 831, 834 (11th Cir. 2017) (affirming grant of summary judgment in favor of employer Sherriff Israel on claim for negligent hiring, supervision, and retention of deputies accused of excessive force, because appellants alleged that the deputies acted **within** the scope of their employment).

In this case, Werner sets forth as an undisputed fact in its summary judgment motion "that the tractor-trailer was operated by [its employee] while in the course and scope of his employment with Werner at all times material to this action [.]" [ECF No. 46, p. 2 ¶ 3]. Reyes does not dispute that fact. Taking that fact as true, Reyes cannot prevail on a claim for negligent hiring, supervision, and retention against Werner. *Buckler*, 680 F. App'x at 834.

Accordingly, the Undersigned **grants** Werner's Partial Final Summary Judgment as to "Count IV" of the Complaint.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 30, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to:</u>**
All Counsel of Record